IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO REYES CARLIN, OSCAR TORRES, OCTAVIO DOMINGUEZ, MANUEL FELIX, and ROBERTO REYES GONZALES on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB FOODS, LLC d/b/a SUPER FRESH MARKETS and, ELI AKIVA, individually,<br><br>Defendants. | Case No.<br><br>Judge |

## COMPLAINT

Roberto Reyes Carlin, Oscar Torres, Octavio Dominguez, Manuel Felix, and Roberto Reyes Gonzales ("Plaintiffs"), on behalf of themselves and all other similarly situated employees, for their Complaint against Defendant Club Foods, LLC d/b/a Super Fresh Market ("Super Fresh Market") and Eli Akiva ("Akiva"), (collectively "Defendants") state as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all time worked in violation of the FLSA and the IMWL.

2. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). Plaintiffs' consents to represent are attached hereto as Exhibit A.

3. For claims arising under the IMWL, Plaintiffs will seek to certify these claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

5. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendants maintained offices and transacted business within this jurisdiction.

## III. PARTIES

### A. Plaintiffs

6. Within the three years prior to Plaintiffs filing this action, Plaintiff Roberto Reyes Carlin was an "employee" of Defendants as that term is defined by the FLSA and the IMWL.

7. Within the three years prior to Plaintiffs filing this action, Plaintiff Oscar Torres was an "employee" of Defendants as that term is defined by the FLSA and the IMWL.

8. Within the three years prior to Plaintiffs filing this action, Plaintiff Octavio Dominguez was an "employee" of Defendants as that term is defined by the FLSA and the IMWL.

9. Within the three years prior to Plaintiffs filing this action, Plaintiff Manuel Felix was an "employee" of Defendants as that term is defined by the FLSA and the IMWL.

10. Within the three years prior to Plaintiffs filing this action, Plaintiff Roberto Reyes Gonzales was an "employee" of Defendants as that term is defined by the FLSA and the IMWL.

### B. Defendant

11. At all relevant times, Defendant Club Foods LLC d/b/a Super Fresh Market:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has conducted business in Illinois and within this judicial district;

    c. has been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the

    production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

  d. has had two or more employees who have handled goods which have moved in interstate commerce; and

  e. has been an "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*

12. At all relevant times, Defendant Eli Akiva:

  a. has been an owner and principal officer of Defendant Club Foods, LLC d/b/a Super Fresh Market;

  b. has been involved in the day to day operation of Defendant Club Foods, LLC a/k/a Super Fresh Market and has had the authority to hire and fire persons employed by Defendant Super Fresh Market, the authority to direct and supervise the work of such employees, the authority to sign on checking accounts of Defendant Super Fresh Market, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures; and

  c. has been Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

### IV. FACTUAL BACKGROUND

13. Plaintiffs were hired by Defendants to work at Defendants' store, Super Fresh Market.

14. Within the three years preceding the filing of this lawsuit Plaintiffs worked, and continue to work, at Defendants' store, Super Fresh Market, located in Waukegan, Illinois.

15. Within the three years preceding the filing of this lawsuit Defendants regularly directed Plaintiffs and similarly situated employees to work in excess of 40 hours during individual workweeks.

16. Within the three years preceding the filing of this lawsuit, Defendants failed to compensate Plaintiffs and other similarly situated employees at time and a half their regular rate for all time worked in excess of forty (40) hours per week during individual work weeks.

17. Plaintiffs and other similarly situated employees of Defendant worked more than forty (40) hours in individual work weeks, but were not compensated at time and a half their regular rate for all time worked in excess of forty (40) per week.

### V. CLASS ACTION ALLEGATIONS

18. Plaintiffs will seek to certify as a class action pursuant to FRCP Rule 23 their state law claim for Illinois-mandated overtime wages arising under the IMWL. Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

19. Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants employed hundreds of individuals in Illinois during the IMWL Class Period;

    c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

        (i) Whether Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period.

    d. The class representatives and the members of the class have been equally affected by Defendants' failure to pay Illinois overtime wages;

  e. Members of the class will be reluctant to bring forth claims for unpaid wages violations for fear of retaliation;

  f. The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

20. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Section 216(b) Collective Action*

Plaintiffs incorporate and reallege paragraphs 1 through 20 as though set forth herein.

21. This Count arises from Defendants' violation of the FLSA for Defendant's failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 14-17, *supra*.

22. Plaintiffs were directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks.

23. Other similarly situated employees likewise were directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks.

24. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendants did not pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

26. Defendants' failure to pay Plaintiffs and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

27. Defendants' violation of the FLSA was willful.

28. Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

   A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

   B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

   C. Liquidated damages in the amount equal to the unpaid overtime wages;

   D. That the Court declare that Defendants have violated the FLSA;

   E. That the Court enjoin Defendants from violating the FLSA;

   F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

   G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages
### Class Action

Plaintiffs incorporate and reallege paragraphs 1 through 27 as though set forth herein.

6

29. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 14-17, *supra.*

30. Defendants directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual work weeks.

31. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

32. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants did not pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

35. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

36. The Class that Plaintiffs seek to represent is regards to their IMWL claim against Defendants is composed of and defined as all persons who have been employed by Defendants since March 13, 2009 and not properly compensated their overtime wages during that period.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

    A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B.    A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C. Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS 105/12(a);

A. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

F. Such other and further relief as this Court deems appropriate and just.

Dated: March 13, 2012

Respectfully submitted,

s/Alvar Ayala
ALVAR AYALA
YOLANDA CARRILLO
Working Hands Legal Clinic
401 S. LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 795-9121

s/Christopher L. Williams
CHRISTOPHER L. WILLIAMS
Workers' Law Office
401 S. LaSalle, Suite 1400
Chicago, Illinois 60602
(312) 795-9121

Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _____ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Reyes Carlin_

Signature: _[signature]_

Date on which I signed this Notice: _3/4/12_

Christopher J. Williams, Esq.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiffs

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _____ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Oscar Torres M_

Signature: _Oscar .T_

Date on which I signed this Notice: _3-4-12_

Christopher J. Williams, Esq.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiffs

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _____ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Octavio Dominguez P._

Signature: _/s/ Octavio Dominguez_

Date on which I signed this Notice: _3-4-12_


Christopher J. Williams, Esq.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiffs

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _____ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Manuel Felix_

Signature: _[signature]_

Date on which I signed this Notice: _3/4/12_

Christopher J. Williams, Esq.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiffs

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF INA COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _____ within the prior three (3) years, that I have not been paid the federally mandated minimum wages by Defendant during the course of my employment, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: Roberto Reyes Gonzales

Signature: Roberto Reyes

Date on which I signed this Notice: 3/4/12

Christopher J. Williams, Esq.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiffs